UNITED STATES DISTRICT COURT
OF PUERTO RICO

RENE GONZALEZ-AYALA,
   Defendant-Petitioner,

-vs-                         Case No: 97CR076-10(DRD)

UNITED STATES OF AMERICA,
   Plaintiff-Respondent.
_____/

PETITION FOR REDUCTION OF SENTENCE PURSUANT
TO TITLE 18 U.S.C. § SECTION 3582(c)(2) OF THE
NOVEMBER 01, 2007 AMENDMENT (9) ENACTED BY
"THE U.S. SENTENCE COMMISSION"
REGARDING CRACK COCAINE/POWDER 100:1 DISPARITY
AND MADE EXPRESSLY RETROACTIVE ON DECEMBER 11, 2007

---

Comes Now, Defendant-Petitioner, Rene Gonzalez-Ayala, (herein after Petitioner) acting pro-se in the above styled and numbered caused with this his motion appropriately entitled: "Petition For Reduction of Sentence Pursuant to Title 18 U.S.C. § Section 3582(c)(2) of the November 01, 2007 Amendment (9) Enacted by "The U.S. Sentence Commission" Regarding Crack Cocaine/Powder 100:1 Disparity And Made Expressly Retroactive on December 11, 2007". In support of the same Petitioner will show unto this Honorable Court the following facts to-wit as well as present newly established case law from the U.S. Supreme Court as it relates to the crack cocaine/ powder ratio and the authority of district courts to **now** imposed lower sentences.....

## STANDARD OF REVIEW

**ANALYSIS:**

The decision to reduce a sentence pursuant to Title 18 U.S.C. § 3582(c)(2) is within the sound discretion of the district court. United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995) (citing United States v. Shaw, 30 F.3d 26, 28 (5th Cir. 1994). Title 18 U.S.C. § 3582(c) provides that unless certain limited circumstances exist, a court may not modify a term of imprisonment once imposed. Specifically, a **sentencing court** may reduce a term of imprisonment "based on a **sentencing** range that has subsequently been lowered by the **U.S. Sentencing Commission**...., if such a reduction is consistent with applicable policy statements issued by the **SENTENCING COMMISSION**, Title 18 U.S.C. § 3582(c)(2). The applicable policy statement is U.S.S.G. § 1B.1.10, entitled "Retroactivity of Amended Guideline Range (Policy Statement) which provides:

> "Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an **amendment** to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.
>
> U.S.S.G. § 1B1.10 makes it clear that "eligiblity for consideration under 18 U.S.C. § 3582(C)(2) is triggered only by an **amendment** listed in subsection (c) of U.S.S.G. § 1B1.10 [that lowers the applicable guideline range. **Id.**. application note 1. Accordingly, construing this interplay between § 3582(c)(2) and U.S.S.G. § 1B1.10, the Fifth Circuit has held that "Section 3582(c)(2) **applies** only to **amendments** to the Guidelines that operate **retroactively**, as set forth in the Guidelines policy statement, U.S.S.G. §1B1.10(d).

"Whitebird, 55 F.3d at 1009. (citing United States v. Miller, 903 F.2d 341, 349 (5th Cir. 1990)). Thus, if an amendment is not specifically listed in U.S.S.G. § 1B1.10(c), a reduction of sentence under § 3582(c)(2) is not consistent with the Sentencing Commission' policy statement. See: United States v. Gonzales-Balderas, 105 F.3d 981, 982 (5th Cir. 1997); United States v. Pardue, 36 F.3d 429, 430 (5th Cir. 1994).

## STATEMENT OF FACTS:

Petitioner Gonzalez-Ayala was indicted on Count Two within the jurisdiction of the United States District Court for Puerto Rico by a Grand Jury charging him with possession with intent to distribute more than 500 grams of cocaine base (crack) in addition to conspiring with two or more other co-conspirators in violation of Title 21 U.S.C. § 841(b)(1)(A) and Title 21 U.S.C. § 846 respectively.

Petitioner Gonzalez-Ayala submits that a reading of his indictment or Judgment in a Criminal Case Form clearly established that he was in fact arrested and indicted for cocaine base (crack) a Schedule II narcotic controlled substance that the United States Sentence Commission submitted and enacted **amendment (9)** upon to reduce the great disparity of crack cocaine/powder cocaine ratio of 100:1. Therefore, Petitioner Gonzalez respectfully states that his criminal case is that of cocaine base (crack cocaine) and that **amendment (9)** does apply to him for consideration of a two (2) point reduction of his present sentence which was originally imposed by this Honorable Court. In an attempt to take advantage of the retroactive amendment, a defendant must proceed with a motion under Title 18 U.S. § 3582(c)(2) in accordance with the law.

Petitioner Gonzalez-Ayala further submits for this Honorable Court's awareness that after his subsequent arrest and indictment, Petitioner Gonzalez-Ayala after a trial was found guilty by a petit jury of the aforementioned drug violations whereas this Honorable Court ordered Petitioner Gonzalez Ayala into the custody of the U.S. Marshals upon announcing that sentencing would be set for a later date.

On or about January 27, 2000, Petitioner Gonzalez-Ayala appeared with Counsel for sentencing before this Honorable Court, however, before pronouncing sentencing this Honorable Court first adopted the pre-sentence report as prepared by the United States Probation Office (Officer) and then allowed Petitioner Gonzalez-Ayala to make a statement in his own behalf (if he wanted to) and immediately imposed a 292 months sentence upon Petitioner Gonzalez-Ayala in a Base Offense Level of (40) and a Criminal History Category of (1).

### COCAINE BASE AMENDMENT (9):

On May 01, 2007, pursuant to 28 U.S.C. § 994(a) and (p), the United States Sentencing Commission (the 'Commission') submitted to Congress amendments to the federal sentencing guidelines that, absent congressional action to the contrary, would and **did** become effective November 01, 2007. **Amendment (9),** which pertains to offenses involving cocaine base ("crack") has the effect of lowering the guideline sentencing range for certain categories of offenses as well as offenders, such as Petitioner Gonzalez-Ayala.

-4-

The crack cocaine amendments adjusts downward by two (2) levels the Base Offense Level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1: "Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession With Intent to Committ These Offense); Attempt or Conspiracy). The amendments assigns, for crack cocaine offenses, base offense levels corresponding to guideline ranges that includes the statutory mandatory minimum penalties for cocaine base.

Accordingly, pursuant to the amendment, five grams of cocaine base are assigned a base offense level of 24 ( 51 to 63 month at Criminal History Category I.

**STATUTORY AUTHORTY:**

The Commission is statutorily authorized to determine whether a guideline amendment that reduces the sentencing range may be retroactively applied. Section 994(u) of Title 28 U.S.C., provides that: "if the Commission reduces the term of imprisonment that is recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced. Furthermore, the sentencing courts are statutorily precluded from applying a guideline amendment retroactively **unless** the Commission has designated such amendment for retroactive application.

**THE U.S. SENTENCING COMMISSION EXPRESSLY ENACTED AMENDMENT 9 TO BECOME RETROACTIVE EFFECTIVE MARCH 03, 2008**

**Petitioner** hereby respectfully submits that on or about December 11, 2007, the U.S. Sentencing Commission through a special public hearing on the retroactivity of amendment 9 was held regarding the 100:1 crack cocaine ratio as compared to that of powder cocaine, the U.S. Sentence Commission overwhelmingly voted and enacted the passage of Amendment 9 to be applied retroactively effective March 03, 2008 with the following criteria:

(A). Crack Cocaine was involved in the offense;

(B). The Base Offense Level was greater than level 12;

(C). The Base Offense Level was not level 43.

Crack Cocaine offenders with a base offense level of (12) are **excluded** from eligiblity because under the Drug Quantity Table in USSG §2D1.1 crack cocaine offenders cannot receive a lower base offense level and so are unaffected by the amendment. Offenders sentenced under USSG ¶2D1.1(a)1 with a base offense level of 43, (1) were convicted under 21 U.S.C. § 841(b)(1)(A), ,(b)(1)(B), or (b)(1)(C), or 21 U.S.C. § 960(b)(1), (b)(2), or (b)(3); and (2) the offense of conviction establishes that death or serious bodily injury resulted from use of the substance and that the defendant committed the offense after one or more prior convictions for a similar offense. Offenders classified as career offenders or armed career offenders (criminals) under USSG § 4B1.1 and § 4B1.4 of the guideline provisions or the applicable Chapter 2 and Chapter 3 guidelines, whichever is higher. Offenders original final offense level was controlled by the career offender or armed career criminal sections of the guidelines, therefore are excluded because the crack cocaine

amendment to the drug guideline will not affect their sentencing range.

### APPLICATION OF AMENDMENT 9 TO PETITIONER

Petitioner hereby submits for this Honorable Court's consideration that Petitioner does not fall within any of the restrictions set-out by the U.S. Sentence Commission on the retroactivity of Amendment 9 and is therefore eligible for reduction of his sentence within the sound discretion of this Honorable Court, as stated and in full accordance with Title 18 U.S.C. § 3582(c)(2) aforementioned.

In contrast Circuit Courts that have addressed this issue in **Booker**, have uniformly ruled that **Booker** does not provide a basis for a sentence reduction under § 3582(c)(2). See: U.S. v. Price, (10th) 438 F.3d 1005, U.S. v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (Booker is a Supreme Court decision, not a retroactively applicable guideline amendment (as in the instant case) by the **Sentencing Commission. Title 18 U.S.C. § 3582(c)(2)** [] authorizes an inmate to file a motion to reduce a sentence **baseed** on a subsequent amendment to the guidelines, (as Petitioner's motion), not based on a new case law. U.S. v. Privette, 129 Fed. Appx. 897, 899 (5th Cir. 2005). Petitioner further submits that under the law, this Honorable Court is not required to hold a hearing even if the district court grants a § 3582(c)(2) motion, but should the district court want to it is well within it sound discretion. This Honorable Court can also decide to hold a hearing to consider factors not included in the guidelines and to sentence Petitioner to an even lower sentence than the bottom of the new guideline range suggested.

## FEDERAL JUDGES ARE NO LONGER BOUND BY
## 100:1 CRACK/POWDER SENTENCING RATIO

The U.S. Supreme Court issued opinions in a pair of cases on December 10, 2007, just one day before the U.S. Sentence Commission voted and enacted Amendment 9 to apply retroactively effective March 03, 2008 "that indicate that its decision in United States v. Booker, 543 U.S. 220, 76 CrL 251 (2005), countenances a greater degree of disparity in federal sentences than most circuit courts had believed. In one case, **Kimbrough v. United States**, the court held that a district court is **free to disagree** with the U.S. Sentencing Guidelines' controversial 100:1 crack to powder ratio and to **impose a below the guideline sentence on that basis.** In the second case, **Gall v. United States**, the court decided that certain rules created by the courts of appeals for reviewing sentences did not give district courts enough latitude to impose sentences outside the ranges recommended by the advisory guideline. (**Kimbrough v. United States, U.S., No. 06-6330, 12/10/07, and Gall v. United States, U.S., No. 06-7949, 12/10/07.**

**Crack/Powder Sentencing Ratio:** For example, most of the federal courts that had addressed the issue had held that the district court's newfound discretion to deviate from the sentences recommended by the guidelines did not authorize them to impose non-guidelines sentences solely on the basis of their disagreement with the policy behind he guidelines' 100:1 cocaine sentencing differential. E.g., United States v. Eura, 440 F.3d 625, 78 CrL 630, (4th Cir. 2006).

In an opinion by Justice; Ruth Bader Ginsburg, the court said that a below-guideline sentence based on a district court judge's disagreement with the policies behind the 100:1 ratio is not per se "unreasonable". [I]t would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3582(a)' purposes, even in a mine-run case, the court said. The ratio, like the rest of the guidelines, was rendered advisory by the decision in **Booker**, the court concluded.

Notwithstanding the history of Congress's involvement in the cocaine sentencing guidelines, these statutory provisions are sufficient to confer authority upon the district judges to deviate from the 100:1 ratio, the Supreme Court decided.

## ADDITIONAL FACTORS THAT MAY JUSTIFY A LARGER REDUCTION OF PETITIONER'S SENTENCE

This Honorable Court may also consider imposing an even lower sentence upon Petitioner Gonzalez-Ayala based upon his self-imposed efforts to rehabilitate himself while incarcerated in order to become a law abiding and productive citizen upon release by actively pariticipating and completing the following classes and programs in addition to maintaining a long unblemish work record at UNICOR as well as a good conduct prison record.

(1). Nursing Assistance (diploma)
(2). Job Application/Resume (certificate)

(3). Budgeting (certificate)

(4). Internal Quality Auditing (certificate)

(5). Internal Auditing (certificate)

(6). Quality Assuarance Inspector (certificate)

Id. See, Attached copies of Certificates. **Note: Petitioner Gonzalez-Ayala, have also completed 'many' other 'programs' which can be verified through a member of his Unit Management Team here at FCC Yazoo City Medium.**

Petitioner Gonzalez-Ayala submits that it should be noted that his self-imposed efforts for rehabilitation was started long before **Amendment(9)** was ever presented or made retroactive, therefore, Petitioner Gonzalez-Ayala's efforts should be consider as sincere with a full mind-set of not repeating his past mistakes and becoming a law abiding citizen. Hopefully, this Honorable Court will accept and grant his pro-se motion for a two (2) point reduction of his sentence from that of a Base Offense Level of (40) and a Criminal History Category of (1), to that of a Base Offense Level of (38) while still within a Criminal History Category of (1) within the guidelines.

In addition to a two (2) point reduction in accordance with Title 18 U.S.C. § 3582(c)(2), this Honorable Court may now consider "and then imposed an even lower sentence' upon Petitioner Gonzalez-Ayala as held in **Kimbrough v. U.S. and Gall v. U.S.**, respectively in applicable with Title 18 U.S.C. § 3582(c)(2) as this Honorable Court may deemed relief is justified in relations to the great disparity of the 100:1 ratio of the crack cocaine/powder cocaine differential...

-10-

This is the same form of drugs that criminologists, doctors and other experts are publicly saying "that the differences between the two forms of the drugs were largely exaggerated and do not justify the way the law comes down 100 time harder on crack, It is Petitioner Gonzalez-Ayala request and prayer that this Honorable Court will also agree with this assessment and then grant such relief within the court's authority.

Submitted By:

*[signature]*
Rene Gonzalez-Ayala
Pro-Se Litigant

CERTIFICATE OF SERVICE:

I, __Rene Gonzalez-Ayala__, pro-se, do hereby certify under the penalty of perjury (28 U.S.C.§ 1746) that I have served a true and correct copy of the following document(s):

"Petition For Reduction of Sentence Pursuant to Title 18 U.S.C. § Section 3582(c)(2) of The November 01, 2007 Amendment (9) Enacted by The U.S. Sentence Commission Regarding Crack Cocaine/Powder 100:1 Disparity And Made Expressly Retroactive on December 11, 2007"

which, pursuant to Houston v. Lack, 487 U.S. 266, 101 L.Ed. 2d 245, 108 S. Ct. 2379 (1988), is deemed filed at the time it was delivered to prison authorities for forwarding to the court(s) and service upon parties to litigation and/or their attorney(s) of record.

I, __Rene Gonzalez-Ayala__, have placed the material reference above in a properly sealed envelope with class postage (stamps) affixed and I have addressed it to:

and deposited said envelope in the United States Postal Service via the designated prison official **hand** here at FCC Yazoo City Medium, in Yazoo City, Mississippi, on this _28_, day of _January_, 2008.

Submitted By:

_/s/ Rene Glez Ayala_
# 14699-069, Unit D-3
FCC Yazoo City Medium
P.O. Box 5888
Yazoo City, Ms. 39194